A. E. F.'s, INC., Appellant, *v.* CITY OF NEW YORK et al., Respondents. (2 Cases.)

Submitted May 22, 1946; decided June 13, 1946.

*Charles L. Cusumano* for appellant. I. The Appellate Division erred in affirming the dismissal of the complaint for insufficiency, since the complaint raised questions of fact which could only be resolved at a trial. (*Madison Square Garden Corp.* v. *Universal P. Co., Inc.,* 255 App. Div. 459; *Scholen* v. *Guaranty Trust Co.,* 288 N. Y. 249.) II. The Appellate Division erred in affirming the dismissal of the complaint because the first cause of action is sufficient in that the plaintiff's stands are not " docks, piers and wharf properties." (L. 1945, ch. 314, § 2, subd. [a]; *Cooper-Snell Co.* v. *State of New York,* 230 N. Y. 249; *Langdon* v. *Mayor of City of N. Y.,* 93 N. Y. 129; *Fassett* v. *Smith,* 23 N. Y. 252; *Matter of Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514; *Matter of Meyer,* 209 N. Y. 386; *Pratt* v. *Short,* 79 N. Y. 437; *Delaware & Hudson*

*Co.* v. *Utica, C. & B. R. R. Co.*, 174 Misc. 403, 259 App. Div. 969; *American Historical Society* v. *Glenn*, 248 N. Y. 445; *Allen* v. *Stevens*, 161 N. Y. 122; *People ex rel. B. L. H. & P. Co.* v. *Stevens*, 203 N. Y. 7; *Bull* v. *New York City Ry. Co.*, 192 N. Y. 361; *People* v. *Ryan*, 274 N. Y. 149.) III. The Appellate Division erred in affirming the dismissal of the complaint because the second cause of action is sufficient in that the exemption of docks, piers and wharf properties from chapter 314 of the Laws of 1945 is unconstitutional. (*Carder Realty Corp.* v. *State of New York*, 260 App. Div. 459; *Liggett Co.* v. *Baldridge*, 278 U. S. 105; *People* v. *Orange County Road Cons. Co.*, 175 N. Y. 84; *Matter of City of New York*, 190 N. Y. 350; *People ex rel. Duryea* v. *Wilber*, 198 N. Y. 1.) IV. Appellant's motion for a temporary injunction should have been granted.

*John J. Bennett, Corporation Counsel (Reuben Levy* and *Louis M. Weintraub* of counsel), for respondent. I. Appellant's permits to occupy city-owned stands in the St. George Terminal of the Staten Island Ferry expired on August 1, 1945. Inasmuch as the premises are pier, dock and wharf property and expressly excluded from the operation of the rent control statute, the city may not be compelled to continue appellant in possession. The complaint contains allegations of fact that appellant occupies city-owned stands in the St. George Ferry Terminal. The facts alleged establish that the premises are pier, dock and wharf property, which is expressly excluded from the operation of the rent control statute. (*Greeff v. Equitable Life Assur. Society*, 160 N. Y. 19; *Pletman* v. *Goldsoll*, 264 App. Div. 393; *Mayor of N. Y.* v. *Starin*, 106 N. Y. 1; *Langdon* v. *Mayor of City of N. Y.*, 93 N. Y. 129.) II. In excluding pier, dock and wharf property from the operation of the emergency rent control statutes, the Legislature enacted a constitutionally valid exception. (*Matter of Ryan*, 291 N. Y. 376; *Twentieth Century Associates* v. *Waldman*, 294 N. Y. 571; *Redice* v. *New York*, 264 U. S. 292; *Marcus Brown Co.* v. *Feldman*, 256 U. S. 170; *Chamberlin, Inc.,* v. *Andrews*, 271 N. Y. 1; *Miller* v. *Wilson*, 236 U. S. 373.) III. The exercise of sound discretion required the denial of the motion for a temporary injunction. (*McHenry* v. *Jewett*, 90 N. Y. 58; *Matter of A. E. F.'s, Inc.,* v. *McKenzie*, 269 App. Div. 316.).

THACHER, J. Plaintiff appeals from a judgment entered upon an order of the Appellate Division, First Department, which affirmed, two justices dissenting, a judgment of the Supreme Court, New York County, granting a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice for failure to state facts sufficient to constitute a cause of action, and from an order of the Appellate Division in the same action which unanimously affirmed an order at Special Term denying plaintiff's motion for a temporary injunction. The appeal from this order is by leave of the Appellate Division upon the following certified question: " Was the Court's denial of the motion for a temporary injunction proper? "

The action was one to restrain defendants from evicting plaintiff from city-owned rental space occupied by plaintiff in the St. George Terminal of the Staten Island Ferry and for a declaratory judgment declaring that the space in question is not pier, dock or wharf property within the exception of the Business Rent Law (L. 1945, ch. 314, § 2, subd. [a]), which law regulates rents covering business space in the city of New York and prohibits the eviction of an occupant of such space so long as he continues to pay rent. Subdivision (a) of section 2 of the Act defines business space as " All rental space in any city other than: (1) * * *; (2) * * *; (3) piers, docks and wharf properties; and (4) * * *."

The complaint alleges that plaintiff, pursuant to temporary permits expiring August 1, 1945, issued by the Department of Marine and Aviation of the City of New York, is presently occupying the following premises:

" a. The flower and fruit stand on the concourse at the St. George Terminal of the Staten Island Ferry;

" b. The refreshment stand on the concourse of the St. George Terminal of the Staten Island Ferry;

" c. The refreshment stand within the Terminal Building of said ferry terminal;

" All three stands being located on the main passenger level of said terminal in the Borough of Richmond, City and State of New York."

Allegations follow that plaintiff's permits are about to expire and that the defendants have declined to renew and intend to oust plaintiff as soon as the permits expire. The following is expressly alleged: "* * * the said stands covered by said

permits are not pier, dock or wharf property, are not built on piers, docks or wharf property, *but upon the mainland of the County of Richmond,* State of New York, are essentially retail stores and constitute business space entitled to the benefit of said Chapter 314 of the Laws of 1945." (Emphasis supplied.)

In the face of these allegations the motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action was ill founded because the allegations in regard to the location and nature of the property occupied by the plaintiff fairly exclude it from the statutory exception.

It is suggested that the affidavits in opposition to the motion for preliminary injunction show that these allegations are not well founded, but that has no relevancy to the sufficiency of the complaint, which is the question raised by the motion under rule 106. These affidavits, however, are sufficient to defeat plaintiff's motion for a preliminary injunction and we must presume that the facts recited have been determined in favor of the respondents (Civ. Prac. Act, § 603). They disclose a detailed plan, prepared in the Department of Marine and Aviation, showing the layout of the ferry terminal and the location of the plaintiff's concessions, from which it appears that they are adjacent to the ferry slips and are within the concourse which is within the ferry terminal. Under these circumstances they are wharf properties within the exception of the statute as it was construed below. We concur in that construction.

The exclusion of piers, docks and wharf properties from the benefits of the act in no way deprives plaintiff of its constitutional guarantees of equal protection or due process of law. The Legislature in the exercise of its police power has a wide discretion in determining the extent and nature of the regulations necessary in the enactment of this emergency legislation, and there is no basis for questioning its exclusion of piers, docks and wharf properties as arbitrary or capricious.

Accordingly, the judgments dismissing the complaint should be reversed, without costs, the order denying a temporary injunction should be affirmed, with costs, and the question certified should be answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and FULD, JJ., concur; DYE, J., taking no part.

Judgments reversed, etc.